UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARA E. KRINSK,

        Plaintiff,

vs.                                                          Case No. 8:09-cv-909-T-27EAJ

SUNTRUST BANK,

        Defendant.
_____/

## ORDER

**BEFORE THE COURT** are SunTrust Bank's Motion to Compel Arbitration and Stay Action (Dkt. 91) and SunTrust Bank's Motion to Prohibit Maintenance of Class Action (Dkt. 92). Plaintiff filed a consolidated memorandum in opposition to the motions (Dkt. 98). Upon consideration, SunTrust's motions (Dkts. 91, 92) are DENIED.

*Introduction*

Plaintiff filed this purported class action in May 2009. Since that time, SunTrust has engaged in extensive motion practice and vigorously litigated the case, including testing the sufficiency of the class action complaint, participating in class discovery, seeking several protective orders, completing a Case Management Report, moving to strike Plaintiff's jury trial demand, and requesting oral argument on various motions. Until now, SunTrust gave no indication whatsoever that it intended to arbitrate.[1] Indeed, in the parties' joint Case Management Report, SunTrust expressly *opposed* binding arbitration. (Dkt. 27).

Mindful of the strong policy favoring arbitration, this Court concludes that SunTrust's substantial participation in this litigation was inconsistent with an intent to arbitrate. Its purported

---

[1] According to Plaintiff: "At the outset of litigation, SunTrust expressly refused to consent to binding arbitration." (Dkt. 98, p. 1).

1

invocation of the right to arbitrate is untimely, and SunTrust's delay has caused substantial prejudice to Plaintiff. SunTrust has accordingly waived the right to arbitrate.

*Background*

The case involves a home equity loan and Plaintiff's contention that SunTrust improperly suspended her line of credit. In her original class action complaint, Plaintiff asserted causes of action for financial elder abuse, breach of contract, deceit, negligent misrepresentation, breach of fiduciary duty, violation of the Truth in Lending Act, and breach of the implied covenant of good faith and fair dealing. Plaintiff requested certification of a class of similarly-situated borrowers.

Plaintiff's home equity loan agreement contains an arbitration provision. Unlike many conventional arbitration clauses, the agreement does not mandate arbitration. Rather, a claim is subject to arbitration upon the election of one of the parties:

> 2. STARTING AN ARBITRATION. To start an arbitration, you or we must give written notice of an election to arbitrate, which notice may be given after a lawsuit has been filed and/or in papers filed in the lawsuit. If such a notice is given, the Claim(s) described in the notice shall be resolved by arbitration under this Provision . . .

(Dkt. 1-1, at 6).[2] If one of the parties elects to arbitrate a claim, the contract proscribes the resolution of that claim in a class action:

> 5. NO CLASS ACTIONS, ETC. Notwithstanding any other provision in this Provision to the contrary, if you or we elect to arbitrate a Claim, neither you nor we will have the right: (a) to participate in a class action in court or in arbitration, either as a class representative, class member or class opponent; or (b) to join or consolidate Claims with claims of any person other than you. No arbitrator shall have authority to conduct any arbitration in violation of this provision.

(Dkt. 1-1, at 6).

SunTrust responded to the complaint by filing a 26 page motion to dismiss challenging the

---

[2] Because the copies of the contract attached to SunTrust's motions (Dkts. 91, 92) are illegible, record citations are to copies of the contract attached to Plaintiff's complaint (Dkt. 1-1), the terms of which are identical to the contract SunTrust filed in support of its motion to strike Plaintiff's jury demand (Dkt. 22-1).

2

sufficiency of each cause of action. (Dkt. 11). The motion did not reference the arbitration clause or an indicate an intent to arbitrate. Concurrently with its motion to dismiss, SunTrust moved to strike Plaintiff's demand for a jury trial on grounds unrelated to arbitration. (Dkt. 13). Although SunTrust noted that the parties' contract contained a jury waiver provision which was "located next to" the arbitration clause (Dkt. 13, ¶ 8), the motion contained no indication that SunTrust intended to invoke that clause.

Significantly, on August 10, 2009, the parties filed a joint Case Management Report (Dkt. 27). In this report, SunTrust expressly opposed binding arbitration. (Dkt. 27, pp. 9-10, ¶ 8; p. 11, ¶ 13.c). SunTrust mapped out its discovery plan, which included requests for admissions, written interrogatories, production requests, oral depositions, expert witness disclosures, and the handling of confidential information. (*Id.* at pp. 5-7). The parties agreed on a proposed discovery deadline, a proposed dispositive motion deadline, and that they would be "ready for a final pretrial conference on or after April 11, 2011 and for trial on or after May 16, 2011." (*Id.* at pp. 6-10). The parties requested a preliminary pretrial conference. (*Id.* at p. 10).

Three days later, Plaintiff filed a motion for class certification with a request that ruling be deferred to enable her to conduct class-related discovery. SunTrust filed a 21 page opposition to the deferral request, arguing that Plaintiff failed to establish cause for an extension, that the request constituted "a brazen attempt to circumvent the requirements of Local Rule 4.04," and that allowing additional time to conduct discovery would be futile. (Dkt. 43, p. 20). SunTrust neither mentioned the arbitration clause nor that the agreement prohibited class actions once a party elected to arbitrate. The following month, SunTrust filed a 20 page opposition to Plaintiff's motion for class certification. (Dkt. 53). Again, SunTrust failed to mention the arbitration clause. Nor did SunTrust contend that a class could not be certified because the claims were subject to arbitration.

In November 2009, SunTrust filed two lengthy motions for protective orders related to

3

Plaintiff's efforts to take class certification discovery. In particular, SunTrust sought protection "from classwide merits discovery until such a time as this Court determines that certification is warranted." (Dkt. 60, ¶ 18; Dkt. 61, ¶ 16).[3] SunTrust filed a third motion for a protective order related to class discovery. (Dkt. 66). None of the motions indicated that SunTrust elected to arbitrate any of the issues. Nor did SunTrust seek protection from class discovery on the ground that the parties' contract contained an arbitration clause which prohibited class actions.

In December 2009, the parties filed a joint motion requesting that ruling be deferred on Plaintiff's class certification motion for an additional 45 days "to allow the parties to conduct class certification discovery prior to the Court's ruling." (Dkt. 67, ¶ 7). Again, the motion did not mention the arbitration clause, the waiver of class action arbitration, or that SunTrust intended to arbitrate any issue in the case.

Two weeks later, SunTrust filed a fourth motion for a protective order addressed to Plaintiff's efforts to conduct class discovery. (Dkt. 72). In response to Plaintiff's motions to compel a deposition related to class certification and production of documents, SunTrust filed lengthy responses in opposition. (Dkts. 82, 84). Neither of these responses referenced the arbitration clause or class action waiver.

On February 10, 2010, nearly nine months after Plaintiff filed this case, SunTrust finally indicated an intent to arbitrate. In its first and second affirmative defenses, SunTrust raised the arbitration clause as a purported estoppel defense and demanded arbitration of Plaintiff's claims. (Dkt. 90, p. 11). On the same day, SunTrust filed the instant motions to compel arbitration (Dkt. 91) and to prohibit maintenance of a class action based on its election to arbitrate (Dkt. 92).

In its motion to compel arbitration, SunTrust states: "SunTrust Bank *has now elected* to arbitrate all claims asserted by Plaintiff in her amended complaint." (Dkt. 91, ¶ 18) (emphasis

---

[3] One of the motions was withdrawn by SunTrust (Dkt. 69).

added). Plaintiff opposes the motion, arguing that SunTrust waived its right to arbitrate by extensively participating in this action, resulting in substantial prejudice. Plaintiff further argues that the class action waiver in the arbitration clause is unconscionable. The Court agrees that SunTrust has waived its right to arbitrate and therefore need not reach Plaintiff's contention that the class action waiver is unenforceable.

*Discussion*

Federal policy strongly favors arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983). Notwithstanding, "[a]rbitration should not be compelled when the party who seeks to compel arbitration has waived that right." *Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n*, 62 F.3d 1356, 1365 (11th Cir. 1995); *see S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990). This Circuit applies a two part inquiry. *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315 (11th Cir. 2002). First, considering the totality of the circumstances, has the party "acted inconsistently" with the right to arbitration? *Id.* Second, by doing so, has that party "in some way prejudiced" the other party? *Id.* at 1316. "[A]ny party arguing waiver of arbitration bears a heavy burden of proof." *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990).

As for the first prong, substantial participation in litigation may constitute conduct inconsistent with an intent to arbitrate. *Morewitz*, 62 F.3d at 1366. A party is deemed to have waived its right to arbitrate when it "substantially invokes the judicial process to the detriment or prejudice of the other party." *Stone*, 898 F.2d at 1543. In *S & H Contractors*, the court found that by taking several depositions and waiting to demand arbitration until eight months after filing its complaint, the plaintiff had conducted itself inconsistently with an intent to arbitrate. 906 F.2d at 1514. Similarly, in *Stone*, engaging in discovery "typical of a party preparing for trial" and failing to demand arbitration for a significant period of time constituted conduct inconsistent with the right to

arbitration. 898 F.2d at 1543-44. Rejecting requests for arbitration is likewise inconsistent with an intent to arbitrate. *Blake Constr. Co. v. United States ex rel. Lichter*, 252 F.2d 658, 662 (5th Cir.1958),[4] *cited in Ivax*, 286 F.3d at 1318. By contrast, arbitration demanded "promptly after the lawsuit was filed" is not inconsistent with the right to arbitration. *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1223 (11th Cir. 2000).

For nine months, SunTrust invoked the judicial process in litigating this case without any indication that it was contemplating arbitration. From all appearances, including its express rejection of binding arbitration, SunTrust intended to have Plaintiff's claims adjudicated in court. Until it filed the instant motion to compel arbitration, SunTrust conducted itself in a manner entirely inconsistent with an intent to arbitrate.

With regard to the second prong, "[w]hen determining whether the other party has been prejudiced, we may consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process." *S & H Contractors*, 906 F.2d at 1514. Prejudice is generally found "in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." *Morewitz*, 62 F.3d at 1366. Sufficient prejudice may be inferred from the use of and extent of pretrial discovery procedures before demanding arbitration. *Stone*, 898 F.2d at 1543. In *S & H Contractors*, prejudice arose "as a matter of law" because the party opposing arbitration participated in several depositions, filed two motions, and was forced to oppose a motion filed by the party seeking arbitration. 906 F.2d at 1514.

SunTrust's nine month delay in demanding arbitration, coupled with its vigorous defense and opposition to class certification, caused Plaintiff to incur the type of litigation expense that

---

[4] The Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit made prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

arbitration was designed to alleviate. While a defendant may test the sufficiency of a complaint without waiving its right to arbitration, *see Wilson v. Par Builders II, Inc.*, 879 F. Supp. 1187, 1189 (M.D. Fla. 1995), SunTrust did much more than that. SunTrust filed motions which required Plaintiff to incur expenses which would not have been necessary if SunTrust had made a timely demand for arbitration. Plaintiff was required to respond to SunTrust's motion to strike her jury demand. Plaintiff was required to respond to three motions for protective orders. Sun Trust's opposition to Plaintiff's class certification motion resulted in Plaintiff having to file multiple motions to compel discovery. SunTrust signed off on a Case Management Report which proposed a discovery deadline, a motion schedule, a preliminary pretrial conference, a pretrial conference schedule, and a trial date.

Finally, Plaintiff reasonably and understandably relied to her detriment on Sun Trust's conduct in the ordinary course of litigating her claims and seeking class certification as if the case was going to be tried. As noted, Plaintiff's home equity loan agreement did not provide for mandatory arbitration. Rather, claims were subject to arbitration upon a party's "election." Therefore, in contrast to clauses which provide notice that arbitration is mandatory, Plaintiff had no notice that her claims were subject to arbitration until SunTrust's belated election to arbitrate. Indeed, until then, SunTrust had expressly rejected binding arbitration. SunTrust's right to elect arbitration accrued at least as early as the filing of the complaint.[5] A timely election to arbitrate would have rendered unnecessary most if not all of the motion practice and discovery conducted by Plaintiff in this case.[6]

---

[5] It is immaterial that Plaintiff's initial complaint included claims against two other defendants who may not have elected to arbitrate. *See Moses H. Cone*, 460 U.S. at 20, 103 S. Ct. at 939 (arbitration act requires piecemeal resolution of disputes where necessary to give effect to arbitration agreement). Nor is it material that Plaintiff filed an amended complaint. Plaintiff's claims are based on the same operative facts.

[6] SunTrust moved for leave to reply to Plaintiff's consolidated opposition (Dkt. 103), which was denied (Dkt. 104). Notwithstanding that Local Rule 3.01(d) prohibits including the proposed reply brief "by attachment or otherwise," SunTrust's motion cites four cases which it contends demonstrate that "SunTrust did not waive its right to arbitrate this matter by its limited conduct in this case." Regardless, the cases SunTrust cite are distinguishable and do not compel a different result. *See, e.g., Benoay v. Prudential-Bache Secs., Inc.*, 805 F.2d 1437, 1440 (11th Cir. 1986) (no discovery occurred between the time defendants' right to arbitration accrued and the time defendants moved to compel arbitration); *Wilson*, 879 F. Supp. at 1189 (plaintiffs failed to show prejudice where defendants had only filed motion to dismiss); *Knight v. Xebec*, 750 F. Supp. 1116, 1119 (M.D. Fla. 1990) (finding no prejudice arising from plaintiff's argument that

*Conclusion*

SunTrust's substantial participation in litigating this case was inconsistent with an intent to arbitrate. Its delay in electing to arbitrate caused Plaintiff to incur expenses she would not have incurred if a timely election had been made. SunTrust therefore waived its right to arbitrate. It follows that SunTrust's contention that Plaintiff cannot maintain this class action because of its election to arbitrate is without merit.

Accordingly, SunTrust Bank's Motion to Compel Arbitration and Stay Action (Dkt. 91) and SunTrust Bank's Motion to Prohibit Maintenance of Class Action (Dkt. 92) are **DENIED**.

**DONE AND ORDERED** this 25th day of March, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

party demanding arbitration had obtained significant discovery while precluding plaintiff from taking meaningful discovery); *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 727 (7th Cir. 2004) (no discovery had taken place).