**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SARA E. KRINSK,**

**Plaintiff,**

**vs.** **Case No. 8:09-CV-909-T-27EAJ**

**SUNTRUST BANK,**

**Defendant.**

______________________________________/

## ORDER

**BEFORE THE COURT** is SunTrust Banks, Inc. and James M. Wells, III's Motion for Rule 11 Sanctions (Dkt. 34). For the reasons stated below and in open court, the motion for Rule 11 sanctions (Dkt. 34) is GRANTED.

*Background*

Krinsk and SunTrust entered into a home equity loan agreement in which SunTrust agreed to provide Krinsk with a $500,000 line of credit. Two years later, SunTrust requested that she provide updated financial information. Not long after Krinsk supplied the information, SunTrust suspended her borrowing privileges, citing a concern that she would not be able to repay the loan due to a material change in her financial situation.

A few months later, Krinsk filed this action against SunTrust, SunTrust Banks, Inc. ("STI"),[1] and the President and Chief Executive Officer of SunTrust and STI, James M. Wells, III. Although her 40 page complaint contained 96 paragraphs of allegations, only two paragraphs mentioned STI:

> 5. [STI] is a Georgia financial holding company with its principal

---

[1] Krinsk's complaint alleged that STI was the corporate parent of SunTrust. Wells submitted an affidavit averring that STI owned 100% of the shares of SunTrust's corporate parent but was not a direct shareholder of SunTrust.

> offices located in Atlanta, Georgia. [STI]'s stock is publically traded under the symbol STI on the New York Stock Exchange.
>
> . . . .
>
> 8. This is a class action lawsuits [sic] arising out of the failure of Defendant SunTrust Bank . . . at the direction and operated [sic] by corporate parent [STI], to honor/perform material contractual obligations and otherwise act in good faith and as legally required.

(Compl. ¶¶ 5, 8). Wells was only mentioned once:

> 7. Defendant, James M. Wells, III ("Wells") was, at all relevant times, the Chairman, President and Chief Executive Officer of both [STI] and SunTrust and, as such, was directly involved in the practices placed at issue by this Complaint.

(Compl. ¶ 7). Notwithstanding these minimal allegations, Krinsk alleged that STI and Wells were liable for financial elder abuse, breach of contract, deceit, negligent misrepresentation, violation of Regulation Z of the Truth in Lending Act, and breach of the implied covenant of good faith and fair dealing. In addition, Krinsk requested a declaratory judgment that STI and Wells were obligated to provide her with the line of credit established in her loan agreement with SunTrust.

STI and Wells moved to dismiss on three grounds: first, that Krinsk failed to allege any direct actions on their part, second, that they were not liable for the acts of SunTrust, and third, that Wells was not subject to personal jurisdiction. After complying with Rule 11's 21 day safe harbor provision, STI and Wells moved for sanctions based on the same arguments. The Court dismissed Krinsk's claims against STI and Wells with leave to amend but deferred ruling on the sanctions motion. Krinsk then filed an amended complaint which dropped all claims against STI and Wells.

At a hearing on the Rule 11 sanctions motion, Krinsk's counsel was given an opportunity to explain why STI and Wells were named as Defendants in this action. He failed to provide any objectively reasonable factual or legal basis for filing this action against STI or Wells.

*Analysis*

Under Rule 11, an attorney who files a pleading in federal court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that:

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b). Sanctions may be awarded pursuant to Rule 11: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (quoting *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001)). The propriety of Rule 11 sanctions is determined by an objective standard which inquires "whether the party's claims are objectively frivolous" and "whether the person who signed the pleadings should have been aware that they were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). Where "the plain language of an applicable statute and the case law preclude relief," sanctions are appropriate. *Id.* (footnotes omitted).

*A. Krinsk's claims against STI and Wells were not objectively reasonable*

In the preamble to her complaint, Krinsk certified that a pre-suit investigation had been conducted, which included interviewing witnesses and reviewing a variety of SEC filings, reports, advisories, press releases, and media reports about SunTrust, STI, and related entities. From this

investigation, Krinsk was able to plead no more than two factual allegations about STI and one about Wells. No reasonable attorney, having conducted this investigation, would have believed that the facts and law supported a reasonable basis for naming STI and Wells as defendants in this action.

Krinsk contends that her allegations about "Defendants," collectively, contain sufficient facts to support her claims. Krinsk's argument is not persuasive. She alleges, specifically, that she entered into a loan agreement with *SunTrust* in which *SunTrust* agreed to provided her with a $500,000 line of credit. (Compl. ¶ 11). Notwithstanding, Krinsk alleges that Defendants, collectively, made representations to her in the loan agreement, had a confidential or fiduciary relationship with her, suspended her line of credit, and breached the loan agreement. There is no factual basis for attributing any of these acts to STI or Wells.

In her opposition papers and during the hearing, Krinsk retreated from her theory that STI was directly liable, contending instead that STI was liable for the actions of SunTrust. But Krinsk did not allege or proffer facts sufficient to pierce SunTrust's corporate veil (or the corporate veil of SunTrust's direct parent). Under Florida law, the corporate veil cannot be pierced unless the plaintiff establishes that "(1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form [was] used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008); *Priskie v. Missry*, 958 So. 2d 613, 614-15 (Fla. 4th DCA 2007) ("Stated succinctly, in order to pierce the corporate veil, a plaintiff is required to prove both that the corporation is a mere instrumentality or alter ego of the defendant and that the defendant engaged in 'improper conduct'" in the use of the corporate form.) (quotation omitted). Krinsk did not allege or proffer any facts to show that STI and SunTrust used

the corporate form to engage in fraudulent or deceptive acts. Her proffer that the companies have interlocking officers, common headquarters, and a common website is not sufficient to hold STI liable for SunTrust's actions.

Krinsk argues that STI is liable for SunTrust's actions under the "common enterprise" theory. This theory has been used to impose liability on commonly operated enterprises for fraudulent or deceptive acts in violation of the Federal Trade Commission Act, the Commodity Exchange Act, and the Securities Exchange Act. *See Commodity Futures Trading Comm'n. v. Int'l Berkshire Group Holdings, Inc.*, No. 05-61588, 2006 WL 3716390, at *7 (S.D. Fla. Nov. 3, 2006); *F.T.C. v. Capital Choice Consumer Credit, Inc.*, No. 02-21050 civ., 2004 WL 5149998, at *23-24 (S.D. Fla. Feb. 20, 2004); *F.T.C. v. Wolf*, No. 94-8119-CIV-FERGUSON, 1996 WL 812940, at *7-8 (S.D. Fla. Jan. 31, 1996); *S.E.C. v. Elliott*, 953 F.2d 1560, 1565 n.1 (11th Cir. 1992). While applied in these discrete areas of law, the common enterprise theory offers no basis to impose liability on STI under the causes of action Krinsk brought under Florida law. Nor has Krinsk made a good-faith argument to change existing law or establish new law. *See DeSisto College, Inc. v. Line*, 888 F.2d 755, 766 (11th Cir. 1989) (when arguing for a change in existing law, Rule 11 requires counsel to inform the court that he or she recognizes the current state of the law and believes that the law should be changed).

As for Wells, Krinsk failed to plead any factual basis to support the exercise of personal jurisdiction. At the hearing, Krinsk argued that Wells, a Georgia resident, was subject to personal jurisdiction because he maintained an office in Florida and traveled to Florida to conduct business on a monthly basis. But none of the facts alleged or proffered show that Wells conducted any business activities in Florida on his own accord rather than on behalf of SunTrust or STI. *See Doe v. Thompson*, 620 So. 2d 1004, 1006 (Fla. 1993) (under the corporate shield doctrine, the "acts of [a] corporate employee performed in [his] corporate capacity do not form the basis for jurisdiction

over [the] corporate employee in [his] individual capacity"). Krinsk therefore failed to raise any plausible basis for the assertion of long arm jurisdiction over Wells. *See Rogers v. Nacchio*, 241 F. App'x 602, 610 (11th Cir. 2007) (Rule 11 sanctions appropriate where allegations supporting personal jurisdiction were without factual support).

Further, the merits of Krinsk's claims against STI and Wells lacked any reasonable chance of success. As a glaring example, Krinsk sued STI and Wells for breach of contract and breach of the implied covenant of good faith and fair dealing, even though neither STI nor Wells were parties to the loan agreement. *See CH2M Hill Southeast, Inc. v. Pinellas County*, 598 So.2d 85, 89 (Fla. 5th DCA 1992) ("It remains the rule in Florida that ordinarily a contract cannot bind one who is not a party thereto or has not in some fashion agreed to accept its terms."); *Whetstone Candy Co., Inc. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1073 (11th Cir. 2003) (applying Florida law and holding that settlement agreement signed by corporation was not binding on its subsidiary). When questioned, counsel was unable to articulate any reasonable basis or cite legal authority to support the assertion of contract-based claims against STI or Wells under Florida law.

In short, Krinsk's investigation failed to uncover any facts to support naming STI and Wells in this action. Her claims against these Defendants were premised on legal theories that had no reasonable chance of success and could not, in good conscience, be advanced for the proposition of changing the law. Krinsk's claims against STI and Wells were objectively unreasonable and without foundation. Given the pre-suit investigation and clear state of the law, Krinsk should have recognized that her claims against STI and Wells were frivolous.

*B. Sanctions are appropriate*

Krinsk argues that Rule 11 sanctions should not be determined until the litigation has concluded. She relies on *Donaldson v. Clark*, 819 F.2d 1551 (11th Cir. 1987). In *Donaldson*, the

circuit court recognized that "the timing of sanctions rests in the discretion of the trial judge . . . ." 891 F.2d at 1555. But it was "anticipated" that sanctions based on frivolous pleadings would generally be "determined at the end of the litigation." *Id.* STI and Wells have been dismissed from this action. And Krinsk's amended complaint did not include any claims against them. The litigation against STI and Wells has concluded.

Krinsk contends that it cannot be determined whether there was a reasonable basis for her claims, because she did not have an opportunity to develop factual support through discovery. The Rule 11 inquiry "focuses only on the merits of the pleading gleaned from facts and law known or available to the attorney *at the time of filing.*" *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995) (emphasis in original). The purpose of focusing on this particular moment in time is "to protect parties who file pleadings which appear well-grounded when filed, but which discovery or subsequent investigation reveals to be meritless." *Id.*

Krinsk's complaint against STI and Wells was not "well-grounded" at the time it was filed. A pre-suit investigation revealed no facts to support a cause of action against STI or Wells. Krinsk speculates that discovery might have borne support for her claims. But this says nothing of the facts known or available at the time the pleading was filed. *See id.* Rule 11 permits an attorney to file a pleading which "specifically . . . identif[ies]" allegations that "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." *See* Fed. R. Civ. P. 11(b)(3). Although Krinsk pled two allegations against STI and one against Wells, she did not plead any other facts that she believed would later be supported by discovery. Instead, she filed a pleading that lacked any reasonable basis in fact or in law. Rule 11 sanctions are appropriate.

*Conclusion*

Accordingly, SunTrust Banks, Inc. and James M. Wells, III's motion for Rule 11 sanctions

(Dkt. 34) is **GRANTED.** Monetary sanctions shall be imposed on Krinsk's counsel pursuant to Fed. R. Civ. P. 11.[2] Within fifteen (15) days, STI and Wells shall file a supplement to their motion, setting forth the factual basis for the monetary sanctions requested in their motion. Appropriate documentation shall be included. Monetary sanctions will not be imposed on Sara E. Krinsk. *See* Fed. R. Civ. P. 11(c)(5)(A).

**DONE AND ORDERED** in chambers this 5th day of April, 2010.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

[2] Notwithstanding that Plaintiff is represented by Attorneys Jeffrey R. Krinsk, Mark L. Knutson and James A. Wardell, only Jeffrey R. Krinsk appeared at the hearing.