UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARA E. KRINSK, on behalf of herself
and all others similarly situated,

        Plaintiff,

v.                                      CASE NO. 8:09-cv-00909-JDW-EAJ

SUNTRUST BANK,

        Defendant.
_____/

## MOTION FOR LEAVE TO FILE A REPLY BRIEF TO RESPOND TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO SUNTRUST BANK'S RENEWED MOTION TO COMPEL ARBITRATION AND STAY ACTION

SunTrust Bank, ("SunTrust"), pursuant to Rule 3.01 (c) and (d) of the Local Rules of the Middle District of Florida, hereby files this Motion for Leave to File a Reply Brief in Response to Plaintiff's Memorandum of Law in Opposition to SunTrust Bank's Renewed Motion to Compel Arbitration and Stay Action as to Krinsk, and as grounds therefore states as follows:

    1.    On October 14, 2011, SunTrust filed its Renewed Motion to Compel Arbitration and Incorporated Memorandum of Law as to the named Plaintiff, Sara E. Krinsk ("Krinsk"). (Dkt. 141).

    2.    On October 31, 2011, Plaintiff simultaneously filed her Motion to Exceed the Page Limit and her Memorandum of Law in Opposition to SunTrust Bank's Renewed Motion to Compel Arbitration and Stay Action. (Dkt. 146 and 147).

    3.    Plaintiff's Memorandum of Law in Opposition to SunTrust Bank's Renewed Motion to Compel Arbitration and Stay Action made several new arguments attacking various specific provisions of the Loan Agreement between Krinsk and SunTrust, which arguments were

not addressed in SunTrust's Renewed Motion to Compel Arbitration and Stay Action and which are being raised by Krinsk for the very first time in this litigation, despite the full briefing of SunTrust's original Motion to Compel Arbitration as well as an appeal to the Eleventh Circuit Court of Appeals as to this Court's previous denial of SunTrust's Motion to Compel Arbitration.

4. Specifically, Plaintiff has attacked several provisions of the Loan Agreement in support of her position that the Loan Agreement is unconscionable. However, in doing so, Plaintiff has misconstrued and misquoted many of the provisions and has also taken the provisions out of context. Additionally, Plaintiff has failed to address the effect that the severability clause contained in the Arbitration Agreement may have on the provisions relied upon by the Plaintiff.

5. Plaintiff also argues that SunTrust waived its right to prohibit maintenance of the class action, which SunTrust should be afforded an opportunity to respond to.

6. Therefore, SunTrust requests leave to file a brief Reply to Plaintiff's Memorandum of Law in Opposition, which Reply should not exceed five (5) pages, to address the new arguments raised by Plaintiff in her Renewed Motion to Compel Arbitration and Stay Action in order to correct the inaccurate representations of the provisions of the Loan Agreement.

7. A Reply is necessary because SunTrust will have the opportunity to address these new claims presented by Krinsk in its forthcoming Renewed Motion to Compel Arbitration as to the Elkins. Therefore, denying SunTrust an opportunity to file a reply brief as to Krinsk's new arguments will result in different arguments being presented to the Court and memorialized in the record as to SunTrust's Renewed Motion to Compel Arbitration as to Krinsk and its Renewed Motion to Compel Arbitration as to the Elkins.

8. SunTrust will be prejudiced if it is not permitted to file a Reply to Plaintiff's Opposition to SunTrust's Renewed Motion to Compel Arbitration as to Krinsk because there will be an inadequate record as to its Renewed Motion to Compel Arbitration as to Krinsk and Plaintiff will be allowed to advance arguments for the first time without providing SunTrust an opportunity to respond.

9. Additionally, if SunTrust is not allowed to file a Reply, there may be inconsistent rulings as to SunTrust's Renewed Motion to Compel Arbitration as to Krinsk and its Renewed Motion to Compel Arbitration as to the Elkins.

WHEREFORE, Defendant, SunTrust Bank, respectfully requests that this Court grant it leave to file a Reply to Plaintiff's Memorandum in Opposition to SunTrust's Renewed Motion to Compel Arbitration and which Reply will not exceed five (5) pages.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), the Defendant states that, on November 3, 2011, its counsel conferred with Plaintiff's counsel in good faith and that Plaintiff's objects to the relief requested herein.

*s/ David S. Hendrix*
DAVID S. HENDRIX, ESQUIRE
Florida Bar No. 827053
david.hendrix@gray-robinson.com
ALISSA M. ELLISON, ESQUIRE
Florida Bar No. 15993
alissa.ellison@gray-robinson.com
GrayRobinson, P.A.
201 N. Franklin St., Suite 2200
Tampa, Florida 33602
Phone: (813) 273-5000
Fax:    (813) 273-5145
*Attorneys for Suntrust Bank*

\570012\189 - # 2844027 v1

CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James A. Wardell
Wardell & Quezon, P.A.
805 W. Azeele St.
Tampa, FL 33606

Jeffrey A. Krinsk
Finkelstein & Krinsk
501 W. Broadway, Suite 1250
San Diego, CA 92101-3579

Mark L. Knutson
Finkelstein & Krinsk
501 W. Broadway, Suite 1250
San Diego, CA 92101-3579

s/ *David S. Hendrix*