UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARA E. KRINSK et al.,
*on behalf of themselves and all others similarly situated,*

    Plaintiffs,

vs.                                                Case No.: 8:09-cv-00909-T-27MAP

SUNTRUST BANK,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant SunTrust Bank's Status Report as to the Claims of Westley E. Elkin and Lynda Elkin (Dkt. 183) in which SunTrust indicates that Plaintiffs Westley Elkin and Lynda Elkin have not submitted their claims to arbitration, as required by Court Order (Dkt. 173). The Elkins were ordered to show cause why their claims should not be dismissed for failure to timely file for arbitration (Dkt. 184), and the Elkins responded (Dkt. 185). SunTrust filed a reply on leave of Court (Dkt. 187).

Upon consideration, the Elkins failed to timely initiate arbitration as required by Court Order and the loan agreement. The claims of Plaintiffs Westley Elkin and Lynda Elkin are therefore DISMISSED *with prejudice* for failure to comply with a court order and for lack of prosecution.

### PROCEDURAL BACKGROUND

Sara Krinsk initiated this case as a putative class action, alleging that SunTrust wrongfully suspended her line of credit under a home equity loan. SunTrust filed a motion to compel arbitration, which was initially denied. SunTrust appealed the Order, and the case was stayed pending appeal.

1

Meanwhile, Westley and Lynda Elkin moved to intervene as Plaintiffs approximately two weeks after the motion to compel arbitration was initially denied. In an abundance of caution, SunTrust moved to compel arbitration of the Elkins' claims on the same day it filed its notice of appeal.

In light of SunTrust's appeal, the Magistrate Judge denied the Elkins' motion to intervene as moot. In a September 7, 2011 decision, the Eleventh Circuit vacated the Order denying SunTrust's motion to compel arbitration, *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194 (11th Cir. 2011), and remanded the case for further proceedings. SunTrust immediately moved to compel arbitration of Krinsk's claims. Again, in an abundance of caution, SunTrust also moved to compel arbitration of the Elkins' claims, even though they were not yet parties. On December 7, 2011, Plaintiffs filed a Second Amended Complaint which added the Elkins as Plaintiffs.

With the motions to compel arbitration fully briefed, and with the benefit of the Eleventh Circuit's decision, SunTrust's motions to compel arbitration were granted with regard to all three Plaintiffs. Of particular importance, the Order directed Plaintiffs to commence arbitration within twenty-one days: "Within twenty-one (21) days, Plaintiffs shall submit their claims to arbitration on an individual basis, in accordance with their loan agreements." (Dkt. 173 at 11). The case was administratively closed pending arbitration.

Following the Order compelling arbitration, Plaintiffs filed their Motion to Reinstate Case to Active Docket and to Extend Time to Submit Claims to Arbitration (Dkt. 174), which essentially sought reconsideration of the Order compelling arbitration and certification of the Order for interlocutory appeal under 29 U.S.C. § 1292(b). The motion was summarily denied (Dkt. 176). Even though the title of the motion indicated a request for an extension of time to submit their claims to arbitration, Plaintiffs never presented the request in a motion or provided a basis for any such relief.

Two months later, the Eleventh Circuit denied Plaintiffs' Petition for Writ of Mandamus

addressed to the Order compelling arbitration (Dkt. 177), effectively ending litigation over whether arbitration was required.

In October 2013, SunTrust moved to reopen the case (Dkt. 178) and to confirm the arbitration award rendered in its favor against Krinsk (Dkt. 180). After Plaintiffs failed to respond, the motions were granted (Dkts. 179, 181), and final judgment was entered in favor of SunTrust against Krinsk (Dkt. 182). In the Order confirming the arbitration award, SunTrust was directed to file a status report addressing the Elkins' claims (Dkt. 181). The Status Report (Dkt. 183) indicated that the Elkins never filed an arbitration claim, and SunTrust accordingly sought dismissal of the Elkins' claims with prejudice for failure to prosecute and failure to comply with a court order. The Elkins were then ordered to show cause why their claims should not be dismissed (Dkt. 184). Responding to the Order to Show Cause and SunTrust's Status Report (Dkt. 185), the Elkins criticized SunTrust for failing to reveal language in the loan agreement allegedly requiring designation of the arbitration Administrator by SunTrust before arbitration could proceed, which SunTrust had failed to do. The Elkins argue that SunTrust has therefore waived its right to arbitration and request that their claims be reinstated. SunTrust replied to the Elkins' arguments on leave of Court (Dkts. 186, 187).

## DISCUSSION

In support of their arguments that they were not required to initiate arbitration and that SunTrust has waived its right to arbitrate, the Elkins rely on language in the Order compelling arbitration (Dkt. 173) and the loan agreement. The Order specified: "Within twenty-one (21) days, Plaintiffs shall submit their claims to arbitration on an individual basis, *in accordance with their loan agreements*." (Dkt. 173 at 11) (emphasis added). The Elkins read this final clause to mandate compliance with the arbitration clause in their loan agreement. They point to the following language in the loan agreement, which they argue places the burden on SunTrust to designate an Administrator

3

before arbitration may proceed: "[i]f we [*SunTrust*] elect to arbitrate a Claim, . . . *we shall choose the Administrator if you do not timely do so.*" (Dkt. 127-1 at 5-6; *see* Dkt. 185 at 2) (as emphasized in Plaintiffs' response).

The Elkins' use of modifications and omissions takes the cited phrase out of context. The pertinent provision reads, in whole:

> **2. STARTING AN ARBITRATION.** *To start an arbitration, you or we must give written notice of an election to arbitrate, which notice may be given after a lawsuit has been filed and/or in [illegible] filed in the lawsuit.* If such notice is given, the Claim(s) described in the notice shall be resolved by arbitration under this Provision and, to the extent consistent with this Provision, the applicable rules of the Administrator then in effect. *If you elect to arbitrate a Claim, you can choose the Administrator in your notice. If we elect to arbitrate a Claim, you can choose the Administrator by giving us written notice of your selection within 20 days after the date of our notice; and we shall choose the Administrator if you do not timely do so.* The Arbitrator will be selected under the Administrator's rules, except that the arbitrator must be an attorney with at least ten years of experience or a retired judge unless the parties agree otherwise. Any party who wrongfully fails to comply with this Provision shall be liable to the other party for all reasonable costs, including attorneys' fees, incurred in enforcing this Provision.

(Dkt. 127-1 at 5-6) (emphasis added).

After Plaintiffs' Petition for Writ of Mandamus was denied, Plaintiffs' counsel wrote a letter to SunTrust's counsel reviewing the steps for initiating an arbitration (Dkt. 187-2). That letter noticed Plaintiffs' intent to initiate arbitration, and, importantly, chose an Administrator:

> There are a number of ambiguities in the underlying orders of the court relative to the process described by the [loan agreement] and our agreement from the outset as to the accepted manner of proceeding will avoid disagreement down the road. Needless to say, this letter is intended for the purpose expressed above and is not to be construed as a waiver of our position that the Administrator and Arbitrator have no jurisdiction over this dispute . . . .
>
> Placing that issue aside we review the initial steps in proceeding (following SunTrust having given notice of its election to arbitrate) to include the following:
>
> a) Plaintiff will choose an Administrator from the two (2)

4

> identified in the [loan agreement]. *Plaintiff accordingly chooses The American Arbitration Association* ("AAA")[.]

(Dkt. 187-2 at 1) (emphasis added). The letter demonstrates that Plaintiffs chose the Administrator in accordance with the terms of the loan agreement.

Plaintiffs' argument that arbitration could not proceed without a designation of an Administrator by SunTrust is without merit, if not disingenuous. The loan agreement allowed Plaintiffs to select the Administrator, and Plaintiffs exercised that prerogative in the June 15, 2012 letter. Further discounting Plaintiffs' argument is the fact that Krinsk proceeded with arbitration of her claim under the same conditions and circumstances that the Elkins now claim obviated their contractual duty to arbitrate. Krinsk did not require further action by SunTrust to proceed with arbitration, and for good reason. Nothing in the Order compelling arbitration or the loan agreement required it.

The Elkins could have, and should have, proceeded with arbitration under the terms of the loan agreement after selecting the Administrator. The Order compelling arbitration required Plaintiffs to submit their individual claims to arbitration within twenty-one days, and there is no dispute that the Elkins failed to comply with this directive. The Elkins' argument that SunTrust was obligated to shoulder the entire burden of initiating the arbitration, selecting an Administrator, and taking additional steps to convene the arbitration is unavailing.[1]

In *Mangiafico v. Street*, 767 So. 2d 1103 (Ala. 2000), the Supreme Court of Alabama was faced with a nearly identical situation. The trial court granted the defendant's motion to compel arbitration and ordered the plaintiffs to initiate arbitration within thirty days of the order. *Id.* at 1104.

---

[1] Furthermore, the American Arbitration Association Rules in effect at that time clearly placed the burden of initiating the arbitration on the Elkins. *See* R-4(a)(ii), Am. Arb. Ass'n (2012) ("The claimant shall file at any office of the AAA two copies of the demand and two copies of the arbitration provisions of the contract, together with the appropriate filing fee...."). *See also Century Satellite, Inc. v. Echostar Satellite, L.L.C.*, 395 F. Supp. 2d 487, 493 (S.D. Tex. 2005) (taking judicial notice of AAA Commercial Arbitration Rules).

After the thirty days had elapsed, the trial court dismissed the action with prejudice due to the plaintiffs' failure to initiate arbitration and failure to comply with the court's order. *Id.* at 1105. The Supreme Court of Alabama affirmed, concluding that the trial court's authority to manage its docket allows dismissal where the plaintiffs did not comply with the order. *Id.*

Other courts have likewise dismissed cases with prejudice for lack of prosecution where the plaintiffs failed to timely initiate arbitration as ordered. *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (affirming dismissal with prejudice after plaintiff did not initiate arbitration for one year after the order compelling arbitration); *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (affirming dismissal with prejudice after plaintiff did not initiate arbitration for two years after the order compelling arbitration); *Gonino v. UNICARE Life & Health Ins. Co.*, No. Civ.A. 302CV2501G, 2005 WL 608158, at *3 (N.D. Tex. Mar. 16, 2005) (dismissing case with prejudice after plaintiff did not initiate arbitration for nineteen months, and rejecting argument that defendant's inactivity waived defendant's right to arbitrate or provided reason not to dismiss).[2]

These cases are persuasive and consistent with binding authority. District courts have extensive discretion and an "inherent power" to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Pursuant to this power, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Id.* at 629. Federal Rule of Civil Procedure 41(b) also provides an avenue to dismiss a case with prejudice for want of prosecution. *Eades v. Ala. Dep't of Human Resources*, 298 Fed. Appx. 862, 863 (11th Cir. 2008).

Notwithstanding, a case may be dismissed with prejudice for want of prosecution only when

---

[2]*See also In re Bruce Terminix Co.*, 988 S.W.2d 702, 705-06 (Tex. 1998) (holding that absent a contrary agreement, a party against whom a claim is asserted does not waive its right to arbitrate by failing to initiate arbitration of that claim).

there is "a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986). The "record of delay" in this case is apparent. The Elkins failed to initiate arbitration for seventeen months, despite the Order directing them to initiate arbitration within twenty-one days. Compounding the evidence of delay is the fact that Plaintiffs' counsel initiated arbitration on behalf of Krinsk in response to the Order, but failed to do so on behalf of the Elkins. Dismissal with prejudice is therefore appropriate.

Finally, the Elkins argue that SunTrust waived its right to arbitrate by not actively initiating arbitration. A two-part test is applied to determine whether a party has waived its contractual right to arbitrate. The court first determines whether, under a totality of the circumstances, the party has acted inconsistently with the arbitration right, and, if so, whether the actions prejudiced the opposing party. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 (11th Cir. 2011).

SunTrust has not acted inconsistently with its contractual right to arbitration. SunTrust quickly replied to Plaintiffs' counsel's letter selecting the Administrator, requesting that Plaintiffs initiate the arbitration and copy SunTrust (Dkt. 187-3). Neither the loan agreement nor binding law imposes any additional obligations on SunTrust. Moreover, Plaintiffs apparently believed SunTrust's actions to be sufficient to proceed with the arbitration of Krinsk's claims, but insufficient for the Elkins'. This inconsistency defeats any waiver argument. Furthermore, even if SunTrust acted in a manner inconsistent with its right to arbitrate, the Elkins were not prejudiced. This is apparent from Krinsk's ability to proceed with the arbitration under the same circumstances as the Elkins. In short, SunTrust did not waive its right to arbitration.[3] *Accord Gonino*, 2005 WL 608158, at *3.

Accordingly, the claims of Plaintiffs Westley E. Elkin and Lynda Elkin are **DISMISSED**

---

[3] *Hall v. Nationwide Mutual Insurance Co.*, 189 So. 2d 224 (Fla. 4th DCA 1966), cited by Plaintiffs in support of waiver, is distinguishable. In that case, the court held that the defendant waived its right to arbitration when it actively refused to join the special claims tribunal. *Id.* at 226. SunTrust made no such refusal.

*with prejudice* for lack of prosecution and for failure to comply with a Court Order. The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this __17th__ day of January, 2014.

*/s/ Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record